**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SportBrain Holdings LLC**, an Illinois limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>**Anima, AB; M.J. Miller & Company International, Inc.,**<br><br>    Defendants. | Civil Action No.:_____ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, SportBrain Holdings LLC ("SportBrain"), through its attorney, Isaac Rabicoff, complains of **Anima, AB and M.J. Miller & Company International, Inc.** (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.    This is a patent infringement action to stop Defendants' infringement of Plaintiff SportBrain's United States Patent No. 7,454,002 entitled "*Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device*" (hereinafter, the "'002 Patent" or the "Patent-in-Suit"). A copy of the '002 Patent is attached hereto as Exhibit A. SportBrain seeks monetary damages.

**THE PARTIES**

2.      Plaintiff SportBrain is an Illinois limited liability company. SportBrain is the exclusive licensee of the Patent-in-Suit, and possesses all rights thereto, including the exclusive right to exclude Defendants from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to sublicense the Patent-in-Suit, and to sue Defendants for infringement and recover past damages.

3.      Anima, AB is a foreign entity with its principal place of business located in Malmo, Sweden.

4.      M.J. Miller & Company International, Inc. is a company organized under the laws of Illinois with its principal place of business located in Barrington, IL.

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants because, among other things, they transact business in this judicial district, at least by offering to sell, selling and/or advertising infringing products and services, including at least the Kronaby watch and Kronaby companion apps (collectively "Accused Products and Services"), in such a way as to reach customers in Illinois and this judicial district including, but not limited to, over the internet, and through retail stores located

throughout this district. Defendants also directly market and sell their infringing

products and services to Illinois residents, including through its own website,

https://www.kronaby.com/shop.

8.    Defendants have, consequently, committed acts of infringement in this judicial

district.

9.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b)

because Defendants have committed acts of patent infringement in this District,

have a regular and established place of business in this District, and provide their

full range of services to residents in this District. In addition, SportBrain suffered

harm in this District.

## COUNT I: INFRINGEMENT OF THE '002 PATENT

10.   SportBrain realleges and incorporates by reference the above paragraphs of this

Complaint, inclusive, as though fully set forth herein.

11.   The '002 Patent is valid, enforceable, and was duly issued in full compliance with

Title 35 of the United States Code.

12.   Defendants have infringed and continue to infringe the '002 Patent, either literally

or under the doctrine of equivalents. Upon information and belief, Defendants have

infringed and continue to infringe one or more claims of the '002 Patent by making,

using, selling, providing, advertising and/or importing, directly or through

intermediaries, in this district and elsewhere in the United States, devices for

integrating a personal data capturing functionality into a wireless communication

device and for analyzing and supplying feedback information to a user through the

combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website.

13.     Each of the Accused Products and Services infringes at least claim 1 of the '002 Patent.

14.     In particular, using at least an accelerometer and/or motion sensor, the Kronaby watch acts as the personal parameter receiver by collecting data about the activity of the user including at least recording the number of steps taken by the user when the product is active. The Kronaby watch and Kronaby companion apps (collectively the "Kronaby product") connect to wireless communication devices, including smartphones, for capturing personal data via a Bluetooth connection. The Kronaby product periodically transmits personal data, including at least step data, from at least a smartphone to a network server over a wireless network. A network server then analyzes the personal data of the user and generates feedback information; this feedback information is posted to a website in at least a graphical and chart form for the user, and includes at least daily and weekly progress and other health and fitness metrics, including at least step count data. The aforementioned website and/or Kronaby companion apps also allow a user to compare that user's personal data, at least in relation to the user's friends, and posts that comparison of the personal data.

15.     Defendants have also partnered with third parties to provide additional companion apps, services, and/or fitness tracker devices; to the extent that these third party

companion apps, services, and/or fitness tracker devices (in combination with the Kronaby product) carry out the remaining steps of the method in at least claim 1, these acts are attributable to Defendants under a theory of divided infringement, and Defendants directly infringe on the patent-in-suit.

16. Defendants also have and continue to indirectly infringe one or more claims of the asserted patent by inducing others to infringe, including merchants and end-users of its infringing products and services. Specifically, Defendants have actively induced, and continue to induce, the infringement of one or more claims of the '002 Patent at least by actively inducing their customers, including merchants and end-users to use Defendants' devices for integrating a personal data capturing functionality into a wireless communication device and for analyzing and supplying feedback information to a user through the combined use of the personal parameter receiver, a wireless communication device, a network server, and website in this district and elsewhere in the United States through its website. Upon information and belief, Defendants have specifically intended that their customers use the Accused Products and Services that infringe the '002 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Products and Services to their customers to enable said customers to use said apparatus, products and services in such a way that infringes the '002 Patent. Even where performance of the steps required for infringement of one or more claims of the '002 Patent is accomplished by Defendants and Defendants' customer jointly, Defendants' actions have solely caused all of the steps to be performed.

17.     Defendants also contributed to the infringement of the patents-in-suit in violation of 35 USC § 271(c) by its design, use, manufacture, importation, distribution, sale and offer for sale of products sold under the Kronaby watch and the Kronaby companion apps.

18.     Defendants knew or should have known that their conduct of advertising and instructing would induce others to use its products and services in a manner infringing the '002 Patent.

19.     Without permission or compensation to SportBrain, Defendants decided to take SportBrain's inventions and utilize its patented technology in their Accused Products and Services. On this basis, this infringement has been willful, deliberate, and in reckless disregard of SportBrain's patent rights.

20.     SportBrain has complied with the provisions of 35 U.S.C. § 287 to the extent they are applicable.

21.     Defendants' infringement has injured SportBrain and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, together with interest and costs.

WHEREFORE, Plaintiff SportBrain respectfully asks this Court to enter judgment against Defendants Anima, AB and M.J. Miller & Company International, Inc. for infringement and against their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

COMPLAINT FOR PATENT INFRINGEMENT

A.     The Defendants have infringed and are infringing one or more claims of the '002 Patent;

B.     The Defendants account to SportBrain for damages adequate to compensate for its infringement of the '002 Patent and that such damages be awarded to SportBrain, including pre-judgment and post-judgment interest;

C.     SportBrain's damages be trebled as a result of Defendants' willful infringement of the '002 Patent;

D.     This case be adjudged as an exceptional case pursuant to 35 U.S.C. § 285 and that the Court award SportBrain its expenses and attorneys' fees incurred in bringing and prosecuting this action; and

E.     SportBrain be awarded such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, SportBrain respectfully requests a trial by jury on all issues.

Respectfully submitted,

/s/ Isaac Rabicoff
Counsel for Plaintiff

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac @ rabilaw.com

– 7 –
COMPLAINT FOR PATENT INFRINGEMENT